# Exhibit A

  

**COMPREHENSIVE CASE INFORMATION SYSTEM**
Joseph Abruzzo, Clerk of the Circuit Court and Comptroller
**PALM BEACH COUNTY**

eportalaser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 502022CA004942XXXXMB [502022CA004942XXXXMB] | 05/24/2022 | | PALM BEACH | DISCRIMINATION EMPLOYMNT OTHER | Open | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/24/2022 | DISCRIMINATION EMPLOYMNT/OTHER | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| DELGADO, LUIS JR. | JUDGE | | |
| CVS PHARMACY INC | DEFENDANT | | |
| WILLIAMSON, MICHAEL | PLAINTIFF | GEORGES-PIERRE, ANTHONY MAXIMILLIEN | 533637 |
| GEORGES-PIERRE, ANTHONY M | ATTORNEY | | |

**Dockets**

Page : 1    ALL

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 8 | 09/27/2022 | MOTION FOR EXTENSION OF TIME; TO RESPOND TO PLT'S COMPLAINT F/B ATTY MIGUEL A MOREL OBO DFT | 1 |
| | 7 | 09/07/2022 | ORDER DIRECTING SERVICE; L DELGADO DTD 9/7/2022 PLT IS DIRECTED TO SERVE PROCESS ON DFT(S) W/IN 120 DAYS FROM THE DATE OF FILING. PLT MAY FILE A MOTION SHOWING GOOD CAUSE OR EXCUSABLE NEGLECT WHY THE DFT(S) HAS NOT YET BEEN SERVED W/ PROCESS. | 1 |
| | 6 | 07/20/2022 | DIFFERENTIATED CASE MANAGEMENT PLAN STANDING ORDER; F/B PLT | 1 |
| | 5 | 07/20/2022 | SUMMONS ISSUED; AGP@RGPATTORNEYS.COM;JCOSTA@RGPATTORNEYS.COM;MHOROWITZ@RGPATTORNEYS.COM; AS TO DFT CVS PHARMACY INC | 1 |
| | 4 | 05/25/2022 | PAID $401.00 ON RECEIPT 4477431; $401.00; 4477431; Fully Paid | 1 |
| | 3 | 05/24/2022 | COMPLAINT; F/B PLT | 1 |
| | 2 | 05/24/2022 | CIVIL COVER SHEET | 1 |
| | 1 | 05/25/2022 | DIVISION ASSIGNMENT; AG: Circuit Civil Central - AG (Civil) | |

**Judge Assignment History**

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 05/25/2022 | - | HAFELE, DONALD W | Judge |

**Court Events**

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

**Financial Summary**

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $401.00 | Paid to Date: $401.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $401.00 | $401.00 | $0.00 | $0.00 | - |

This information reflects the financial obligations shown on the Florida Comprehensive Case Information System (CCIS) for THIS CASE ONLY. For the current balances of your financial obligations, you should contact the Clerk of the Court in the county where the financial obligation was imposed. Nothing in CCIS alters any financial obligation imposed by a court.

**Reopen History**

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>MICHAEL WILLIAMSON</u>
Plaintiff

vs.

<u>CVS PHARMACY INC</u>
Defendant

Case # _____
Judge _____

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>4</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>N/A</u>

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>      Fla. Bar # <u>533637</u>
            Attorney or party                 (Bar # if attorney)

<u>Anthony M Georges-Pierre</u>         <u>05/24/2022</u>
 (type or print name)            Date

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

MICHAEL WILLIAMSON,                          Case No.:

      Plaintiff,

v.

CVS PHARMACY, INC.,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, MICHAEL WILLIAMSON, ("Plaintiff"), by and through

the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby

sues Defendant, CVS PHARMACY, INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or

   costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.*

   ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of

   Plaintiff, and 42 U.S.C. § 1981 ("§ 1981").

2. Plaintiff is a person with a disability within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be, a resident of Boynton Beach, Florida; and was an employee

   of Defendant, performing duties as qualified personnel for the Defendant, within a company

   operated business facility, located in Palm Beach County, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section

   760.01, et seq.,* ("FCRA") since it employs fifteen (15) or more employees for the applicable

1

statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Plaintiff was at all times relevant to this action, working for Defendant in Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

6. Venue is proper in Palm Beach County because all of the actions complained of herein occurred within the jurisdiction of Palm Beach County, Florida and damages are in Palm Beach County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff is part of a protected class under the FCRA.

10. Plaintiff started working for Defendant as a Store Manager in Training in or around April 2018.

11. Plaintiff is a black African-American male.

12. Due to his race, national origin, and color Plaintiff was discriminated by Defendant. Specifically, Plaintiff was treated differently on this basis by Kelly Bain and Stephanie Raus.

13. This discrimination impeded Plaintiff's ability to effectively train for the position of Store Manager.

14. Plaintiff was transferred to a new CVS location as a manager in training. The store manager in charge of Plaintiff's training, Kelly Bain, failed to train him.

2

15. Mr. Bain often prohibited Plaintiff from clocking in to complete his training.

16. Mr. Bain often lied to Human Resources and claimed that Plaintiff was completing his training.

17. As a manager in training, Plaintiff had to wear business attire, but Mr. Bain often forced plaintiff to take out the trash. And told previous shift supervisors to leave out the garbage so that Plaintiff would be forced to clean it.

18. In one instance, a customer defecated "all over the restroom", and the mess was left unattended so that Plaintiff would be the one to clean it when he next worked.

19. Despite the lack of training, Stephanie Raus, Plaintiff's supervisor, assigned Plaintiff to a store which saw a lot of African-American traffic because he would "be a better fit there."

20. The store Plaintiff was assigned to was infested with mice. Plaintiff had to contact the CVS CEO and the State of Florida's Department of Health to inform them.

21. As a Store Manager, Plaintiff was held to standards which similarly situated white Store Managers were not being held to.

22. On or about April 2019, Stephanie Raus asked Plaintiff to terminate an employee because the employee was Honduran, old, slow, and hard to understand in English.

23. Plaintiff did not agree with firing employees for the reasons Stephanie Raus alleged, and brought it to her attention.

24. Plaintiff was terminated on or about November 6, 2019, for not following company policy, in that Plaintiff opposed Defendant's discriminatory and retaliatory treatment perpetrated against the Plaintiff and other employees.

**[Intentionally Left Blank]**

<u>COUNT I</u>
*RACE, NATIONAL ORIGIN, AND COLOR DISCRIMINATION IN VIOLATION OF THE*
*FCRA*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. Plaintiff is a member of a protected class under the FCRA.

27. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's Race, national origin, and color. and subjected the Plaintiff to animosity based on Plaintiff's race, national origin, and color.

28. Such discrimination was based upon the Plaintiff's race, national origin, and color.

29. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race, national origin, and color. unlawful but acted in reckless disregard of the law.

30. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

31. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

32. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

4

33. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

34. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

35. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
***RETALIATION IN VIOLATION OF THE FCRA***

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

37. Defendant is an employer as that term is used under the applicable statutes referenced above.

38. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

39. The foregoing unlawful actions by Defendant were purposeful.

40. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

41. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

43. These damages are continuing and are permanent.

6

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## <u>COUNT III</u>
### *RACE, NATIONAL ORIGIN, COLOR DISCRIMINATION IN VIOLATION OF THE § 1981*

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

45. Plaintiff is a member of a protected class under the § 1981.

46. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's Race, national origin, and color, and subjected the Plaintiff to race, national origin, and color-based animosity.

47. Such discrimination was based upon the Plaintiff's race, national origin, and color.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race, national origin, and color, unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

50. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

53. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

9

**COUNT IV**
*RETALIATION IN VIOLATION OF § 1981*

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

56. Defendant is an employer as that term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under § 1981.

58. The foregoing unlawful actions by Defendant were purposeful.

59. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

60. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

61. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of § 1981;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

10

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 24, 2022                                    Respectfully submitted,


*/s/  Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**

COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

MICHAEL WILLIAMSON,                    CASE NO.: 50-2022-CA-004942-XXXX--MB

      Plaintiff,

v.

CVS PHARMACY, INC.,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**                CVS PHARMACY, INC.,
through its Registered Agent:
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer with
the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**
_____
CLERK

_____
(BY) DEPUTY CLERK **JOSIE LUCCE**

**Jul 25 2022**
_____
DATE

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

Case 9:22-cv-81555-DMM   Document 1-1   Entered on FLSD Docket 10/07/2022   Page 21 of 25

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AG"
CASE NO.: 50-2022-CA-004942-XXXX-MB
MICHAEL WILLIAMSON,
     Plaintiff/Petitioner
vs.
CVS PHARMACY INC,
     Defendant/Respondent.
_____/

## ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT(S)
### (ODS)

     **THIS CAUSE** came before the Court upon a *sua sponte* review of the court file. Pursuant to Administrative Order 3.107, case review for Lack of Service will take place after Ninety (90) days. Ninety (90) days has elapsed since the filing of the complaint, the Defendant(s) has not been served with process. Plaintiff is placed on notice that it must complete service required by Florida Rule of Civil Procedure 1.070(j).

     **IT IS HEREBY ORDERED AND ADJUDGED** that

1. Pursuant to Florida Rule of Civil Procedure 1.070(j), the Plaintiff is directed to serve process on Defendant(s) within one hundred and twenty (120) days from the date of filing of the Complaint.

2. If Plaintiff is unable to serve by the one hundred and twenty (120) day deadline, Plaintiff may file a motion showing good cause or excusable neglect why the Defendant(s) has not yet been served with process. The motion must contain specific detail showing good cause or excusable neglect for the failure and what steps are being undertaken to serve. No extensions will be granted unless a timely motion is filed which lays out the required detail. In the event that Plaintiff elects to file a motion for good cause or excusable neglect, the Plaintiff must set the same motion for hearing pursuant to divisional instructions on the Uniform Motion Calendar and must occur no later than thirty (30) days from the date of this Order.

Case No. 50-2022-CA-004942-XXXX-MB

Failure to obtain an Order Granting Extension of Time or serve process on all Defendant(s) in the time frames set forth above will result in an Order of Dismissal of the case against the unserved Defendant(s).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.



50-2022-CA-004942-XXXX-MB      09/07/2022
Luis Delgado
Circuit Judge

**COPIES TO:**

ANTHONY M. GEORGES-PIERRE, ESQ.

44 WEST FLAGLER STREET, SUITE 2200 MIAMI, FL 33130

AGP@RGPATTORNEYS.COM
jcosta@rgpattorneys.com
mhorowitz@rgpattorneys.com

**IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA**

**CASE:  50-2022-CA-004942-XXXX-MB**

MICHAEL WILLIAMSON,

      Plaintiff,

v.

CVS PHARMACY, INC.,

      Defendant.

_____/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant CVS Pharmacy, Inc. ("Defendant") respectfully requests a two-week extension of time within which to respond to Plaintiff Michael Williamson's ("Plaintiff") Complaint.  In support, Defendant states as follows:

1.      Defendant was served with Plaintiff's Complaint on September 7, 2022. Defendant's response to Plaintiff's Complaint is currently due on September 27, 2022.

2.      Counsel for Defendant is currently evaluating the claims and allegations asserted in the Complaint. In addition, counsel for Defendant reached out to Plaintiff's counsel regarding Defendant's position that Plaintiff's claims are subject to binding arbitration pursuant to an arbitration agreement between the parties to explore whether a resolution on this issue can be reached.

3.      For the foregoing reasons, Defendant respectfully requests a two-week extension of time to respond to Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests a two-week extension of the deadline for Defendant to respond to Plaintiff's Complaint, to October 11, 2022.

1

**Dated**: September 27, 2022                    Respectfully Submitted,


                                    By: */s/ Miguel A. Morel*
                                    Miguel A. Morel
                                    Florida Bar No. 89163
                                    E-mail:  mamorel@littler.com
                                    LITTLER MENDELSON, P.C.
                                    Wells Fargo Center
                                    333 S.E. 2nd Avenue, Suite 2700
                                    Miami, Florida 33131-1804
                                    Telephone: (305) 400-7500

                                    *Counsel For Defendant*,
                                    *CVS Pharmacy, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 27th day of September 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court via the My Florida E-Filing Portal System and a true and correct copy of the foregoing document was served on all counsel of record or pro se identified on the Service List via the My Florida E-Filing Portal System.

                                    By: */s/ Miguel A. Morel*
                                        Miguel A. Morel

## SERVICE LIST

**COUNSEL FOR PLAINTIFF**

Anthony M. Georges-Pierre, Esq.
E-mail: agp@rgpattorneys.com
Max L. Horowitz, Esq.
Email: mhoroxitz@rgpattorneys.com
Jorge L. Costa, Esq.
Email: jcosta@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970

**COUNSEL FOR DEFENDANT**

Miguel A. Morel
E-mail: mamaorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131-1804
Telephone: (305) 400-7500